**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL D. BARRY,

               Petitioner - Appellant,

v.

MR. REID, Warden; JOE ORTIZ, Executive Director DOC; THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

               Respondents - Appellees.

No. 08-1451

(D. Colorado)

(D.C. No. 1:06-CV-01848-LTB-BNB)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Michael D. Barry, a Colorado state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2254 application for habeas relief. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal dismissal of § 2254 application). The United States District Court for the District of Colorado dismissed the application without prejudice because some of Mr. Barry's claims were not cognizable under § 2254, and the remainder had not been properly exhausted in state court. Because a reasonable jurist could not debate the correctness of this decision, we deny a COA and dismiss the appeal.

Mr. Barry was convicted in Colorado state court in 2002 on a charge of second-degree assault stemming from an incident in which he spat in the face of a prison official at the Fremont Correctional Facility. He was sentenced to five years' imprisonment. Represented by counsel, Mr. Barry appealed to the Colorado Court of Appeals in 2005, arguing that the trial court (1) had deprived him of his Sixth Amendment right to counsel by failing to investigate allegations that his appointed trial counsel had a conflict of interest; and (2) had violated his due-process rights by preventing him from presenting evidence that he lacked the requisite specific intent because of his mental-health problems. The court of appeals affirmed his conviction on February 1, 2007. *See People v. Barry*, No. 03CA2424, 2007 WL 273499, at *1 (Colo. Ct. App. Feb. 1, 2007). Mr. Barry then petitioned the Colorado Supreme Court for a writ of certiorari.

In the meantime Mr. Barry filed a pro se § 2254 application in federal court on September 18, 2006. His application claimed 11 reversible errors: (1) he received ineffective assistance of trial counsel; (2) the trial court violated his right to "conflict free counsel" when the judge denied his request for new counsel, removed him from the courtroom, and continued the trial without his presence, R. Vol. 1 at 14; (3) the court refused to allow evidence of his mental state, which would have shown that the assault "resulted due to fear for [his] life," *id.*; (4) the court violated his due-process rights by declining to consider a pro se posttrial motion alleging multiple violations of court rules, instead

"negat[ing it] for another unrelated [motion] by counsel," *id.* at 15; (5) he was denied his right to testify at trial because of his mental illness and his distrust of his attorney, who, he believed, would not "ask the questions necessary to provide evidence of his innocence," *id.*; (6) he was incompetent to stand trial; (7) the prosecution suborned perjury from a witness; (8) the prosecution prejudiced the trial court by providing it with a falsified medical report stating that he had hepatitis; (9) his right to appeal had been "delayed/denied" to prevent exposure of electronic devices used to torture Colorado inmate, *id.* at 17; (10) he was somehow "prevented from accessing coun[s]el" by the use of wireless electronic devices "to stimulate the brain and bring about violent behavior and for electro-shock therapy," *id.* at 18; and (11) he was subjected to "obstruction of justice" because (a) an "electronic device" at the prison was "used to bait inmates into assault," *id.*, (b) his mail had been blocked (preventing him from consulting with an attorney), (c) falsified testimony at trial covered up evidence of medical malpractice at the prison, and (d) medically induced psychosis prevented him from presenting evidence in his defense.

The state responded that Mr. Barry's direct appeal was still pending and that the state trial record was with the Colorado Court of Appeals, making access to it difficult. A federal magistrate judge—observing that "[t]he nature of [Mr. Barry's] attempts to exhaust his claims in the state courts, and the status of his direct appeal, are not clear from the record," *id.* Vol. 2 at 11—set an

-3-

evidentiary hearing for April 2, 2007. The day after the hearing, the magistrate judge issued a recommendation that Mr. Barry's entire application be dismissed without prejudice. The recommendation stated as follows: Two of Mr. Barry's claims (claim 10 and part of claim 11) challenged his conditions of confinement and were therefore not cognizable under 28 U.S.C. § 2254. Two of Mr. Barry's other claims (a portion of claim 2 and all of claim 3) had been ruled on by the Colorado Court of Appeals but the Colorado Supreme Court had yet to pass on his petition for certiorari, so these claims had not been exhausted. And as for the remainder of Mr. Barry's claims, he had "admitted at the [April 2] hearing that he has not exhausted [those] claims in state court," asserting that they were "'not legally presentable' or 'were left out by the appeal attorney.'" *Id.* at 89. In concluding that dismissal without prejudice was appropriate, the magistrate judge observed that Mr. Barry would have three years after the state supreme court ruling to bring a collateral attack in state court, *see* Colo. Rev. Stat. § 16-5-402(1); that the Colorado appellate courts had not unreasonably delayed his appeal (much of the delay being attributable to Mr. Barry); and that the one-year limitation period under 28 U.S.C. § 2244 (d)(1)(A) would not begin before the state supreme court ruled on his certiorari petition.

A month later, the Colorado Supreme Court denied Mr. Barry's certiorari petition. *See Barry v. People*, No. 07SC189, 2007 WL 1310367, at *1 (Colo.

May 7, 2007) (en banc). On February 12, 2008, the federal district court adopted the magistrate judge's recommendation in full.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, as Mr. Barry's was in part, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.*

Dismissal of Mr. Barry's § 2254 application was clearly correct. In general, a habeas applicant must exhaust available state-court remedies before seeking federal habeas relief, *see* 28 U.S.C. § 2254(b)(1)(A); and a district court should ordinarily dismiss a § 2254 application that contains both exhausted and unexhausted claims, *see Rhines v. Webber*, 544 U.S. 269, 275–78 (2005). Even if one or two of Mr. Barry's claims were exhausted when the Colorado Supreme

Court denied his certiorari petition, he still has several unexhausted claims. On occasion a district court may properly stay federal proceedings rather than dismiss a § 2254 application containing unexhausted claims. *See id.* at 278. But Mr. Barry has not argued in favor of a stay and we see no error in the district court's not ordering a stay sua sponte. No reasonable jurist could dispute that dismissal was appropriate.

We DENY a COA and DISMISS this appeal. We GRANT Mr. Barry's motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge